**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**MARTA D. KURSHUMOVA, ESQ.**
Nevada Bar No. 14728
E-mail: mkurshumova@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
1785 East Sahara, Suite 325
Las Vegas, Nevada 89104
Tel: (702) 625-3893
Fax: (702) 625-3893
E-mail: jfoley@hkm.com
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CARLA HENDERSON, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, ex.rel. its SOUTHERN NEVADA ADULT MENTAL HEALTH SERVICES,<br><br>Defendant. | **CASE NO.:**<br><br>**COMPLAINT AND JURY DEMAND** |

The Plaintiff Carla Henderson ("Henderson") by and through her attorney, Jenny L. Foley, Ph.D., Esq. of HKM Employment Attorneys LLP hereby complains and alleges as follows:

**JURISDICTION**

1. This is an action for damages brought by Plaintiff for unlawful workplace discrimination based on race, color, and/or age and for illegal retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e et. seq.; for declaratory and injunctive relief and monetary damages to redress the deprivation of right secured to the

Plaintiff by the Civil Rights Act of 1871, 42 U.S.C. § 1981; for violation of Nevada Revised Statute §613.330 et. seq; and for certain claims brought pursuant to the Nevada Revised Statutes as outlined below.

2. This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a) (4) (civil rights action) and 42 U.S.C. §2000e-5(f) (3) (unlawful discrimination and retaliation in employment). Additionally, this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. §1367.

3. All material allegations relative to the named Defendant contained in this Complaint are believed to have occurred in the State of Nevada, Clark County. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

## **EXHAUSTION OF ADMINISTRATIVE REMEDY**

4. On or about May 30, 2018, Plaintiff initiated the process of filing a Charge of Discrimination against her former employer, the Defendant named in this action with the United States Equal Opportunity Commission ("EEOC") wherein she alleged discrimination because of her race, age and retaliation.

5. On or about June 11, 2018, Plaintiff received her Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission.

6. This action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

7. Plaintiff has exhausted her administrative remedy on all claims pled hereunder prior to filing this action with this Court.

/ / /

## GENERAL ALLEGATIONS

8. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.
9. Plaintiff is a citizen of the State of Nevada and a resident of Clark County Nevada.
10. At relevant times herein, Plaintiff was forty (40) years of age or older.
11. Defendant is the State of Nevada ex. rel. the Southern Nevada Adult Mental Health Services.
12. Defendant had over 500 employees at all times relevant to this matter and is therefore subject to the provisions of Title VII.
13. Plaintiff began her employment with Defendant in February 2012 as a Revenue Officer in the State of Nevada Taxation Department.
14. At all relevant times, Plaintiff worked as a Management Analyst II at Southern Nevada Adult Mental Health Services starting September 2016.
15. Plaintiff is an African-American female and thus is a member of a protected group.
16. At all relevant times, there were no other African-American females in Plaintiff's work group.
17. Plaintiff suffered unlawful harassment based on race, color and/or age and retaliation at the hands of Defendant and of Allan Sweet ("**Mr. Sweet**") and Jill Cunningham ("**Ms. Cunningham**") in particular.
18. Mr. Sweet is a White male who, at all relevant times, worked for Defendant as a Management Analyst III.
19. Ms. Cunningham is a White female who, at all relevant times, worked for Defendant as a Management Analyst II.

/ / /

/ / /

/ / /

/ / /

**PLAINTIFF'S EMPLOYEMENT WITH DEFENDANT**

20. Plaintiff began her employment with Defendant in February 2012 as a Revenue Officer in the State of Nevada Taxation Department.

21. Approximately eighteen (18) months later, Plaintiff transferred to the Department of Agriculture as an Auditor II.

22. Approximately eight (8) months later, Plaintiff was promoted to the position of Program Specialist with the Nevada Department of Employment, Training and Rehabilitation.

23. In or about June 2015, Plaintiff was transferred to the position of Auditor II at the Nevada Department of Aging and Elder Services where she remained until October 2015.

24. From October 2015 until May 2016, Plaintiff was assigned to the Nevada Department of Housing and Urban Development as a Loan Officer.

25. While there, Plaintiff experienced racial harassment and was eventually required to train a younger white male, Dwight Pace, for her position.

26. In February 2016, Plaintiff filed a complaint with the EEOC based on age and race discrimination.

27. Plaintiff received the Notice of Right to Sue from the EEOC but decided not to pursue it.

28. Soon thereafter, Plaintiff was given 30-day's notice that she would be transferred back to the Nevada Department of Aging and Elder Services.

29. Instead, Plaintiff was laid off on May 31, 2016 under the pretext that the person already in that department, Mark O'Campo, had more seniority.

30. Plaintiff had more seniority with the State of Nevada, while Mr. O'Campo had more seniority with the division.

31. On May 31, 2016, Plaintiff filed another complaint with the EEOC based on retaliation.

32. In September 2016, Plaintiff withdrew the complaint because Alan Sweet contacted her from the layoff list and asked her to apply for the position of Management Analyst II at the Southern Nevada Adult Mental Health Services ("**SNAMHS**"), which she got.

## HOSTILE WORK ENVIRONMENT

33. During her employment with the SNAMHS, Plaintiff suffered discrimination and hostile work environment severe and pervasive enough to affect her work.
34. Plaintiff was under the direct supervision of Mr. Sweet.
35. Mr. Sweet treated Plaintiff differently from other white staff members by precluding Plaintiff from assuming her responsibilities, by not informing her of mandatory meetings and by asking other white employees to perform her duties without her consent or knowledge.
36. Plaintiff was severely understaffed, overworked during the week, and was required to work on weekends.
37. As the Management Analyst II, Plaintiff was supposed to assume immediate supervision over one of the Financial-Outpatient Units.
38. To date, Mr. Sweet has precluded Plaintiff from assuming those supervisory duties because of a retaliatory Employee Performance Appraisal report he wrote.
39. Mr. Sweet regularly failed to give credit to Plaintiff for her work and would instead give it to other white employees.
40. For example, at the end of 2017 and the beginning of 2018, Plaintiff successfully negotiated a financial relationship with Amerigroup and expected to work on the implementation until its completion.
41. Instead, Mr. Sweet assigned the oversight over the financial relationship to Teri Johnson, a white younger female, even though Plaintiff already had the knowledge and had developed a working relationship with Amerigroup.

## UNDERSTAFFING ISSUES

42. Mr. Sweet further failed to address Plaintiff's concerns that her team is understaffed and negatively affected by the exuberant workload, as evidenced by team members working overtime to cover vacancies and taking time off for stress related illnesses.
43. After Mr. Sweet's reluctance to address the understaffing issue, Plaintiff contacted her Union Representative regarding the understaffing issues, who in turn notified

1  Defendant's Human Resources.
2  44. Soon thereafter, Mr. Sweet informed Plaintiff that he might be able to move another
3  employee to her team.
4  45. Plaintiff selected Nicole Brown, an African-American female.
5  46. Shortly thereafter, Mr. Sweet rescinded Plaintiff's offer to Ms. Brown.
6  47. Soon thereafter, one of the four (4) employee left the team and Mr. Sweet transferred
7  another employee to report to Jill Cunningham, a white female.
8  48. Instead of addressing Plaintiff's team's understaffing issues, Mr. Sweet instructed
9  Plaintiff to train Ms. Cunningham and some of Ms. Cunningham's team members.
10 49. Soon thereafter, Mr. Sweet transferred Plaintiff's duty on planning and scheduling
11 backup staffing to Ms. Cunningham.
12 50. Both Mr. Sweet and Ms. Cunningham ignored Plaintiff's input, directions and/or
13 guidance although Ms. Cunningham had never performed those duties before.
14 51. Upon inquiring after the stability of her position, Mr. Sweet ignored Plaintiff and
15 refused to discuss the delegation of duties from Plaintiff to Ms. Cunningham.
16 52. Mr. Sweet further failed to inform Plaintiff about mandatory meetings and trainings.
17 53. Mr. Sweet also moved Plaintiff to a much smaller dimmer office as an act of retaliation.
18 54. Defendant, through management, acted toward Plaintiff with an intent to discriminate
19 against her based on her race, color and/or age and engaged in harassing behavior by
20 intentionally precluding Plaintiff from performing her job duties, by favoring white
21 employees, by delegating Plaintiff's duties without her consent to other younger white
22 employees, and by requiring Plaintiff to train said employees due to their lack of
23 knowledge and experience.
24 ///
25 ///
26 ///
27 ///
28 ///

## RETALIATION

55. In or about May 2018, Plaintiff filed an Employee Grievance with the State of Nevada and was later advised that Human Resources will investigate her claims.

56. To date, Plaintiff has not heard anything back from Human Resources.

57. Following the filing, Mr. Sweet engaged in further discriminatory behavior which escalated with an unsubstantiated e-mail accusing Plaintiff of being a bully and an extremely negative undeserved Employee Performance Appraisal.

58. Ms. Cunningham also engaged in retaliatory behavior. For example, Ms. Cunningham would require Plaintiff to lead a training session without giving her advance notice.

59. Mr. Sweet and Ms. Cunningham's retaliatory behavior toward Plaintiff affected other employees' treatment of Plaintiff. For example, one employee, Kimberleigh Baltimore, refused to be trained by Plaintiff even though Plaintiff was her immediate supervisor. Additionally, employees allowed visitors to go to Plaintiff's office without vetting them and giving them visitors passes.

60. Defendant retaliated against Plaintiff for filing a grievance with Human Resources.

61. Defendant acted toward Plaintiff with an intent to discriminate against her based on her race (African-American), color (black) and age.

## FIRST CAUSE OF ACTION
**(Discrimination Based on Race, Color, National Origin, Gender or Age in violation of State and Federal Statutes)**

62. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

63. Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on race, color, and age or a combination thereof.

64. Defendant as an employer is subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 et. seq. and Title VII, 42 U.S.C. § 2000e et. seq. as amended and thus, has a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination.

65. Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff in the workplace when managers and/or employees subjected Plaintiff, the only African-American female in Plaintiff's work group, to disparate terms of employment.

66. Defendant discriminated against Plaintiff (an African-American Female) by subjecting her to unlawfully disparate, hostile, and otherwise untenable workplace conditions, including: discrimination because of her race and age, and retaliation for reporting said discrimination to Human Resources.

67. No other similarly situated persons, not of Plaintiff's protected class were subject to such harsh measures for the same or substantially similar conduct.

68. There may be more detrimental acts about which Plaintiffs are unaware, and which may constitute unlawful discrimination against Plaintiffs in their workplace.

69. Plaintiff was duly embarrassed, humiliated, angered, and discouraged by the discriminatory actions taken against her by Mr. Sweet, Ms. Cunningham and Defendant.

70. Plaintiff suffered compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, anxiety and depression resulting from this unlawful discrimination by his employer.

71. Plaintiff is entitled to be fully compensated for her emotional disturbance by being forced to endure this discrimination.

72. Pursuant to 1991 Amendments to title VII, Plaintiff is entitled to recover punitive damages for Defendant's malicious, intentional repeated violations of federal and state civil rights laws.  Discrimination based on race has been illegal since 1964 and an employer of the size, reputation and experience of Defendant should have not engaged in this blatant discrimination.

73. Plaintiff suffered damages in an amount deemed sufficient by the jury.

74. Plaintiff is entitled to an award of reasonable attorney's fees.

75. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant

Case 2:18-cv-01728-JAD-PAL   Document 1   Filed 09/07/18   Page 9 of 14

knowingly and intentionally discriminated against Plaintiff because of her race, color and age.

76. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

## SECOND CAUSE OF ACTION
**(Retaliation under Federal Law, 42 U.S.C. § 2000e-3 and State Law, NRS 613.340)**

77. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

78. In violation of 42 U.S.C § 200e-3, Defendant retaliated against Plaintiff after she complained of acts which she reasonably believed were discriminatory.

79. In violation of NRS 613.340 Defendant retaliated against Plaintiff after she complained of acts, which she reasonably believed were discriminatory.

80. The behavior complained of also constitutes retaliatory harassment and the creation of an illegally hostile environment.

81. There may be more detrimental acts of which Plaintiff is unaware which may also constitute retaliation in that it harmed Plaintiff in her workplace.

82. The actions and conduct by Defendant constitute illegal retaliation which is prohibited by federal and state statutes.

83. Plaintiff suffered damages in an amount deemed sufficient by the jury.

84. Plaintiff is entitled to an award of reasonable attorney's fees.

85. Defendant is guilty of oppression, fraud or malice, express or implied because Defendant knowingly and intentionally retaliated against Plaintiff because she reported discriminatory behavior.

86. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

///

Page **9** of **14**

# THIRD CAUSE OF ACTION
## (Violation of the Civil Rights Act of 1871, §1981)

87. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

88. Plaintiff is African-American and therefore a member of a protected class.

89. Defendant engaged in the above-mentioned harassment and discrimination of Plaintiff with the purposeful intent to discriminate against her because of her race (African-American).

90. Under similar circumstances, other, White or non-African American employees were not reprimanded or subjected to a racially hostile working environment.

91. Plaintiff was subject to disparate treatment and retaliation through diminished work conditions, disrespectful and unwarranted interference with Plaintiff's duties, and favorable behavior toward the white employees on the team, which is *prima facie* evidence of purposeful intent to discriminate against Plaintiff because of her race.

92. Plaintiff suffered damages in an amount deemed sufficient by the jury.

93. Plaintiff is entitled to an award of reasonable attorney's fees in this matter.

94. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly violated Ms. Ford's rights under Section 1981 of the Civil Rights Act of 1871.

95. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

/ / /
/ / /
/ / /
/ / /
/ / /

## FOURTH CAUSE OF ACTION
### (42 U.S.C. §1983 Equal Protection)

96. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

97. Defendant was acting under color of state law at all times described herein.

98. As described herein, Defendant deprived Plaintiff of her right to equal protection by discriminating against her on the basis of her race and creating a hostile work environment in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

99. Alternatively, Defendant deprived Plaintiff of her right to equal protection by irrationally and/or arbitrarily subjecting Plaintiff to differential treatment for reasons unrelated to a legitimate governmental objective.

100. Plaintiff should be awarded compensatory damages against Defendant for the stress, anxiety, pain, humiliation and trauma she has suffered in an amount to be determined at trial.

101. Defendant's conduct was reckless and violated Plaintiff's clearly established constitutionally and statutorily protected employment rights, and therefore Plaintiff should be awarded punitive damages in an amount to be determined at trial.

102. Plaintiff should be awarded reasonable attorney's fees and litigation costs and expenses including expert witness fees against Defendants pursuant to 42 U.S.C. 1988.

## FIFTH CAUSE OF ACTION
### (Negligent Supervision/Retention/Hiring)

103. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

104. Defendant had an obligation to provide Plaintiff with a workplace free of threat, harassment, retaliation, deprivation of her civil and constitutional rights, and denigration by her superiors and/or co-workers.

105. Defendant ignored Plaintiff's complaint regarding the retaliation and harassment she

suffered.

106. Defendant knew or should have known of its employees', in particular Mr. Sweet's and Mr. Cunningham's proclivities for improper, unreasonable, harassing and retaliatory actions such that an exercise of reasonable care would have stopped and/or prevented such conduct.

107. Defendant failed to properly, effectively train its employees that engaging in retaliatory conduct is illegal and improper.

108. Defendant failed to ensure that its employees, in particular Mr. Sweet's and Ms. Cunningham's colleagues did not engage in any retaliatory behavior on their behalf or in retaliation for reporting racial discrimination.

109. Defendant's failure to properly hire, supervise and/or retain its employees and address their discriminatory and retaliatory conduct in an appropriate manner caused injury to Plaintiff.

110. Plaintiff suffered damages in an amount deemed sufficient by the jury.

111. Plaintiff is entitled to an award of reasonable attorney's fees in this matter.

112. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly subjected Plaintiff to racial discrimination and retaliation for reporting such discrimination by failing to properly hire, train, or supervise their employees.

113. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

**WHEREFORE,** Plaintiff prays this court for:

    a. A jury trial on all appropriate claims;

moreover, to enter judgment in favor of the Plaintiff by:

    b. Awarding Plaintiff an amount sufficient to fully compensate her (including tax consequences) for all economic losses of any kind, and otherwise make him whole in accordance with Title VII;

    c. General damages;

   d. Special damages;

   e. An award of compensatory and punitive damages to be determined at trial;

   f. Pre and post-judgment interest;

   g. An award of attorney's fees and costs; and

   h. Any other relief the court deems just and proper.

Dated this 7th Day of September 2018.

            **HKM EMPLOYMENT ATTORNEYS, LLP**

            */s/ Jenny L. Foley*
            **JENNY L. FOLEY, Ph.D., Esq.**
            Nevada Bar No. 9017
            1785 East Sahara, Suite 325
            Las Vegas, Nevada 89104
            Tel: (702) 577-3029
            Fax: (702) 625-3893
            E-mail: jfoley@hkm.com
            *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of September 2018, I caused to be served a true and correct copy of the foregoing **CERTIFICATE OF SERVICE** on the following persons as follows:

\_\_\_\_    by placing the same for mailing in the United States Mail, in a sealed envelope on which first class postage was prepaid in Las Vegas, Nevada and/or

  X      to be sent via electronic filing with the Clerk of the Court using the Court's electronic filing system – CM/ECF and serving all parties with an email address of record who have agreed to receive Electronic Service in this action

\_\_\_\_\_   to be hand delivered to the persons and/or addresses below:

            */s/ Ciara Contreras*